THE EQUITABLE TRUST COMPANY OF NEW YORK and Others, Plaintiffs, v. ———— HALIM and Another, Defendants.

Supreme Court, New York County, March 6, 1929.

*Murray, Aldrich & Roberts*, for the plaintiffs.

*Henry Brill*, for the defendants.

LEVY, J.   Defendants Halim and Hamza are engaged in business in India as copartners.   While Halim was in this State on a visit he was served with a summons in the present action against the partnership.   Twenty days thereafter a general notice of appearance on behalf of the defendants was served upon plaintiffs' attorneys by an attorney named Brill, to whom Halim had given the summons with instructions to represent the defendants.   Subsequently this motion was made for an order " granting defendants leave to withdraw the general notice of appearance served herein on October 21, 1927, on the ground that same was inadvertently served and without knowledge or notice of the instructions of the defendants with respect thereto, and granting defendants leave to substitute in place thereof a special notice of appearance, objecting to the jurisdiction of the court."

It seems quite clear that the service on Halim conferred jurisdiction over the copartnership and that the substitution of a special notice of appearance would be ineffectual to prevent plaintiffs from obtaining a valid judgment against the defendants.   The motion is, however, not as purposeless as it may seem.   The real object of the defendants is obviously to render unenforcible *in India* any judgment which this court may grant here.   Apparently, under the laws of that country, a judgment obtained in a foreign jurisdiction against a resident of India not doing business in the foreign State, is of no validity unless the defendant voluntarily submitted to the jurisdiction of the foreign court.

It seems to me that this court should look with disfavor upon an application which seeks to emasculate and thus nullify a judgment which it may render against defendants over whom it has undoubted jurisdiction.   If there were no question but that the general appearance of the defendants was unauthorized by them, it is not unlikely that they would receive appropriate relief.   I am, however, not at all satisfied that at the time the summons was handed to him, Brill was told that his representation of the defendants was not to commence until after he had received definite instructions from their Indian attorney, one Rahman, as to what steps were to be taken in the action.   According to Brill's testimony, Halim stated he had received a cable from Rahman requesting him to retain Brill.  Evidently, this cable contained no suggestion of a condition precedent to or of any limitation upon the authority Brill was to enjoy.  That the latter understood from his conversation with Halim that he was to have general authority to represent defendants, seems clear from his statement in his moving affidavit that he explained to Mr. Brewster, associated with plaintiffs' attorneys, that " I had served a general notice of appearance on October 21, 1927, *without*

*having known of the limitation on my authority, which was not disclosed to me until my return to my office later in the day."*

Had Brill been told he was not to represent the defendants until he had heard from Rahman, he would of course have known of the limitation upon his authority at the very moment he was retained, long before he served the general notice of appearance. Brill's letter to plaintiffs' attorneys, dated November 30, 1927, informs the latter that Halim delivered the summons to him with the statement that he would receive further instructions from his attorney in India. The letter does not even suggest that Brill was to do nothing until the instructions had been received.

It is to be noted, moreover, that according to the notice of motion the withdrawal of the general notice of appearance was asked for, not on the ground that it had been served *contrary* to the instructions furnished Brill, but merely for the reason that it was served inadvertently, and *without knowledge or notice* of such instructions. If, as Brill testified, he had been informed he was not to represent the defendants until he received word from Rahman, the service of the notice of appearance could not have been without knowledge or notice of his instructions. The words " without knowledge or notice of the instructions of the defendants " could, therefore, have reference only to the instructions received from Rahman *after the general notice of appearance had · actually been served.* In other words, the application as specified in the notice of motion is based not upon any limitation upon Brill's authority at the time he was retained, but rather upon the fact that after he served the general notice of appearance, he received instructions to appear specially and contest the jurisdiction. If this was the first restriction imposed upon his authority to represent the defendants, it was obviously received too late to render unauthorized a notice of appearance which had been authorized at the time it was served. It should be borne in mind that the instructions received by Brill when he was retained are within the exclusive knowledge of himself and the defendants, and that it is exceedingly difficult, if not well nigh impossible, for the plaintiffs to establish what actually transpired at the time.

Giving proper weight to the various circumstances referred to, it seems to me that the first limitation upon Brill's authority to represent the defendants was not received by him until after he had served the general notice of appearance.

The motion is accordingly denied.