CHEMACID SOCIETE ANONYME, Plaintiff, *v.* HERMAN ROTHSCHILD et al., Defendants.[*]

Supreme Court, Special Term, New York County, September 21, 1943.

*Abraham L. Pomerantz* for plaintiff.

*Mark G. Holstein* for Robert Joseph, defendant.

O'BRIEN, J. Motion for leave to withdraw general appearance and to appear specially is granted. The point raised by defendant that plaintiff is an unlicensed nonresident alien enemy is not in my opinion upon the papers submitted well taken. The plaintiff pleads that it was, and now is, a foreign corporation duly organized and existing under and by virtue of the laws of the Kingdom of Belgium. (Paragraph First of the complaint.) This is deemed true. If the plaintiff was an unlicensed enemy, then, of course, if a judgment be obtained, it will obviously add the sum recovered to the resources of the power of which it is a subject. (*Hanger* v. *Abbott,* 73 U. S. 532.) The Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1, *et seq.*), so far as pertinent, provides as follows: " Section 2. The word ' enemy ', as used herein, shall be deemed to mean, for the purposes of such trading and of this Act — (a) Any individual, partnership, or other body of individuals, of any

---

[*] See, also, *Rothschild* v. *Chemacid Societe Anonyme,* 180 Misc. 785.— [REP.

nationality, resident within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war, or resident outside the United States and doing business within such territory, and any corporation incorporated within such territory of any nation with which the United States is at war or incorporated within any country other than the United States and doing business within such territory.''

Section 3 of the Act renders it unlawful for any person in the United States, except a licensee of the President, to trade with an enemy or ally of an enemy.

Section 7, subdivision (b), of the Act provides in part: '' Nothing in this Act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war * * * ''.

The case of *H. P. Drewry* v. *Onassis* (266 App. Div. 292) does not support the theory of the movant and is not applicable to the facts here presented for the reason that the proof here by a certificate under the signature of the Secretary of State shows '' That the Government of the United States recognizes the Belgian Government now functioning in England as the Government of Belgium, * * * ''. It would, therefore, appear that though the enemy is in occupation of the land of the Belgian Government, and in control of it, yet, the Belgian Government is still in existence and is duly recognized by the United States and the possession of the land occupied does not in any wise constitute the Belgian Government extinct, so as to constitute it an alien enemy.

Motion to vacate service of summons is in all respects denied.