*334 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law, fine, if paid, remitted, and information dismissed.
Defendant received a traffic ticket, the back of which would ordinarily have advised her on the date of the alleged offense of her right to a supporting deposition. Defendant omitted to return the ticket by mail or to plead not guilty by mail. Instead, she waited two months, apparently due to personal injuries incurred in an unrelated incident, before appearing at the court below to enter her not guilty plea and to request a supporting deposition. On the following day, the court below indicated that it was denying the request as untimely. When the matter came on for trial, the pro se defendant essentially made an oral application to dismiss the simplified traffic information for lack of a supporting deposition, and the court denied the application, repeating its position that the request therefor was untimely.
It is provided by CPL 100.25 (2) that a request for a supporting deposition "must be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after (a) entry of the defendant’s plea of not guilty when he has been arraigned in person, or (b) written notice to the defendant of his right to receive a supporting deposition when he has submitted a plea of not guilty by mail.” In light of such language, we are of the view that defendant’s request for a supporting deposition was timely, since the 30-day period for mailing the request had not yet begun in the absence of an arraignment, a not guilty plea by mail or the commencement of trial.
In arriving at this result, we are cognizant of the incongruity which occurs to the extent that a defendant who elects to plead not guilty in person may have a longer period to request a supporting deposition than one who pleads not guilty by mail. Such a "loophole,” however, has been created by the express language of the statute (CPL 100.25 [2]) and warrants correction, if at all, by the Legislature rather than by this court (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 73). It is not difficult to envision an emergency situation, moreover, where a delay in entering a plea in a traffic matter and requesting a supporting deposition would be justifiable. Such a defendant who delays responding to, or who ignores a summons, on the other hand, runs the risk of an arrest *335 warrant being issued (CPL 130.50) or the suspension of a driver’s license (Vehicle and Traffic Law § 510 [4-a]). Nevertheless, said defendant continues to possess the right to appear personally (rather than by mail) to plead not guilty to the traffic infraction (Vehicle and Traffic Law § 1806), without forfeiture, as we now hold, of the right to request a supporting deposition.
It may be lastly noted that defendant’s failure to bring a formal, written motion upon reasonable notice to the People to dismiss the simplified traffic information as defective for lack of a supporting deposition was, under the circumstances, waived (People v Aucello, 146 Misc 2d 417, 420-421 [App Term, 9th & 10th Jud Dists 1990]; see also, People v Jennings, 69 NY2d 103,113).
DiPaola, P. J., Stark and Collins, JJ., concur.