OPINION OF THE COURT
 

 ClPARICK, J.
 

 The question on appeal is whether an appearance letter sent by defense counsel more than 48 hours after defendant had been charged with a trafile infraction triggered the People’s obligation to furnish a supporting deposition under CPL 100.25 (2). We conclude that defense counsel’s appearance letter neither constituted nor dispensed with the need for an arraignment and therefore hold that the People were under no statutory obligation to furnish a supporting deposition.
 

 On March 20, 1994, defendant was charged with failing to yield to an emergency vehicle, a traffic infraction proscribed by Vehicle and Traffic Law § 1144. By an "appearance letter” dated April 12, 1994, defendant’s lawyer notified Town Court that defendant was entering a not guilty plea and requested a supporting deposition from the complaining police officer.
 

 After more than 30 days had elapsed from the mailing of the appearance letter, defendant moved to dismiss the simplified traffic information based on the People’s failure to timely
 
 *355
 
 furnish a supporting deposition. Town Court dismissed the simplified information for "lack of prosecution.” On appeal, County Court modified the dismissal on the law to clarify that the simplified information was rendered insufficient on its face by the People’s failure to furnish the requested supporting deposition
 
 (see,
 
 CPL 100.40 [2]) and, as so modified, affirmed the dismissal of the simplified information. A Judge of this Court granted leave and we now reverse.
 

 CPL 100.25 (2) provides that a "defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer * * * providing reasonable cause to believe that the defendant committed the offense or offenses charged.” If properly requested, a supporting deposition must be served on the defendant or his counsel within 30 days from the date the court receives the request or at least five days before trial, whichever is earlier
 
 (see, id.).
 
 The People’s failure to timely supply the supporting deposition renders the simplified information insufficient on its face
 
 (see,
 
 CPL 100.40 [2]) and warrants its dismissal
 
 (see,
 
 CPL 170.30 [1] [a]; 170.35 [1] [a]).
 

 However, the statute expressly provides that a defendant is only entitled to a supporting deposition after he has been "arraigned upon a simplified information.” Therefore, we must determine whether the attorney’s appearance letter in this case constituted, or obviated the need for, an arraignment. An arraignment is defined as "the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action” (CPL 1.20 [9]). Before the arraignment, the court lacks jurisdiction over defendant and is therefore unable to set the course of further proceedings. Accordingly, a defendant who has not properly submitted to the court’s jurisdiction is not entitled to request a supporting deposition and any such request is a nullity.
 

 Although the general rule is that a defendant must personally appear in court for arraignment, the Legislature has carved out two exceptions whereby a defendant charged in a simplified information may be arraigned without a court appearance
 
 (see,
 
 CPL 170.10 [1] [a], [b]).
 

 
 *356
 
 The first exception, set forth in CPL 170.10 (1) (a), applies when an alternative provision of law dispenses with the need for an arraignment or defendant’s personal appearance. The only alternative provision of law arguably applicable to this case is Vehicle and Traffic Law § 1806, which enables a defendant charged with a traffic infraction to enter a not guilty plea "by mailing to the court of appropriate jurisdiction the ticket making the charge and a signed statement indicating such plea.” However, the statute imposes two conditions: "Such plea must be sent: (a) by registered or certified mail, return receipt requested or by first class mail; and (b) within forty-eight hours after receiving such ticket” (Vehicle and Traffic Law § 1806). In this case, defendant did not comply with the plea-by-mail provision of Vehicle and Traffic Law § 1806. Not only did defendant fail to send the ticket along with his plea, his lawyer’s appearance letter was sent more than three weeks after he received the simplified information, well beyond the 48-hour period prescribed by the statute.
 

 The second exception, which permits defense counsel to enter an appearance in lieu of defendant (CPL 170.10 [1] [b]), is also inapplicable. Even assuming that the appearance letter of April 12th would qualify as an appearance by counsel within the meaning of the statute — a question we need not reach— defendant has failed to make any showing of "good cause,” rendering this statutory exception unavailable.
 

 In view of the inapplicability of either exception of CPL 170.10 (1), we conclude that defendant was not arraigned on a simplified information and his request for a supporting deposition therefore failed to trigger the People’s statutory obligation under CPL 100.25 (2). Accordingly, the order of County Court should be reversed and the simplified traffic information reinstated.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order reversed, etc.