OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed upon the law and as a matter of discretion in the interest of justice, fine remitted and matter remanded for further proceedings.
The record discloses that on May 4, 1994, defendant was charged with the above offense. On June 6, 1994, he appeared at the Traffic Clerk’s Office in the court below, pleaded not guilty by so indicating on Part B of the traffic ticket, requested a supporting deposition and left without appearing before a Judge for arraignment. Signs posted at the Clerk’s Office stated that pleas taken over the counter of that office shall be deemed pleas by mail.
In People v Perry (87 NY2d 353, 355 [1996]), the Court of Appeals, in construing CPL 100.25 (2) as it read at the time of the proceedings in the court below, held that a request by a defendant for a supporting deposition prior to being arraigned upon a simplified information would be a nullity. The general rule is that a defendant must personally appear in court for arraignment. There are two exceptions (CPL 170.10 [1] [a], [b]). One exception permits defense counsel to enter an appearance in lieu of the defendant. Clearly this exception has no application in the case at bar. The other exception applies when an alternative provision of law dispenses with the need for an arraignment or defendant’s personal appearance. As pointed out in Perry (supra), arguably applicable is Vehicle and Traffic Law § 1806 which permits a defendant to enter a not guilty plea by mail. There are, however, two conditions to entering a plea in that manner. It must be done by registered or certified mail, return receipt requested, or by first class mail, and within 48 hours after receiving the ticket (Vehicle and Traffic Law § 1806; People v Perry, supra, at 356).
The record indicates that the plea was entered before the clerk of the court over a month after the ticket had been received. Clearly, this does not comply with Vehicle and Traffic Law § 1806. Although signs posted in the Clerk’s Office stated that pleas taken over the counter were deemed pleas by mail, *329 there appears to be no statutory authority for accepting such a late plea as a substitute for personal arraignment. Parenthetically, accepting such a late plea would deny defendant the right to demand a supporting deposition since the “plea” was made after the time to make the demand had expired.
Inasmuch as the exceptions contained in CPL 170.10 (1) (a) and (b) did not apply, defendant was required to be personally arraigned. Although the failure to arraign him means that the request for a supporting deposition was a nullity and that a motion to dismiss for failure to furnish one should be denied, it appears that defendant was deprived of an opportunity to make a proper demand. He was never arraigned since the lower court erroneously held that he had been arraigned by mail and set the matter down for trial. Under the circumstances, therefore, the conviction is reversed and matter remanded to the court below for arraignment and further proceedings.
Stark, J. P., Collins and Ingrassia, JJ., concur.