OPINION OF THE COURT
Solomon H. Friend, J.
This case presents an issue of first impression, namely, whether in the absence of a valid arraignment a defendant’s *518 mail request for a supporting deposition sent prior to the return date that the defendant is directed to appear in court is timely and valid and triggers a response by the People. For the reasons hereafter discussed, this court holds that defendant’s request for a supporting deposition was timely, and, therefore, the People’s failure to respond within 30 days from the return date mandates dismissal of the simplified traffic informations.
On Friday, January 29, 1999, at 11:45 p.m., the defendant was issued six simplified traffic informations, i.e., speeding, tailgating, no seat belt, unsafe lane change, failure to signal lane change and failure to produce valid insurance card. The tickets were returnable in this court on March 8, 1999. Although the defendant contends that his plea of not guilty was mailed by certified mail within 48 hours from the issuance of the tickets, the court concludes, on the basis of the return receipt which is included in the court record, that the not guilty plea was not mailed within 48 hours, but rather was sent via certified mail on February 4, 1999 and received by the clerk of the court on February 8, 1999. Technically, therefore, the not guilty plea by mail does not constitute an arraignment. (Vehicle and Traffic Law § 1806.) However, at the same time that defendant sent his defective not guilty plea, he checked the box on the reverse side of the appearance ticket to signify his request for a supporting deposition.
The prosecutor contends that in the absence of a valid arraignment, the court lacks jurisdiction over the defendant, is without authority to set the course of further proceedings, and, consequently, the defendant’s accompanying request for a supporting deposition is a nullity, citing People v Perry (87 NY2d 353 [1996]). The court disagrees.
Justice Courts are often confronted with motions to dismiss stemming from a failure to supply a supporting deposition. The Criminal Procedure Law provides that “[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant” (CPL 100.25 [2]; emphasis added). The supporting deposition must contain sufficient allegations of fact to provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.25 [2]). In order to constitute reasonable cause, the supporting deposition must contain evidence or information which is sufficiently reliable so as to convince a person of ordinary intelligence, judgment and *519 experience that it is reasonably likely that such offense was committed by the defendant. (CPL 70.10 [2].) The evidence may include hearsay evidence (CPL 70.10 [2]). Failure to timely supply the supporting deposition mandated by CPL 100.25 (2), after a timely request, renders the simplified information insufficient on its face and mandates dismissal (see, e.g., People v Baron, 107 Misc 2d 59 [App Term 1980]; People v De Feo, 77 Misc 2d 523 [App Term, 2d Dept 1974]).
Effective October 27, 1996, the Legislature amended CPL 100.25 to now require that whenever an appearance ticket, as defined in CPL 150.10 (1), is issued, the ticket must contain certain and specific language regarding the defendant’s right to receive a supporting deposition. The new language which is required, pursuant to CPL 100.25 (4), is as follows: “notice: YOU ARE ENTITLED TO RECEIVE A SUPPORTING DEPOSITION FURTHER EXPLAINING THE CHARGES PROVIDED YOU REQUEST SUCH SUPPORTING DEPOSITION WITHIN THIRTY DAYS FROM THE DATE YOU ARE DIRECTED TO APPEAR IN COURT AS SET FORTH ON THIS APPEARANCE TICKET. DO YOU REQUEST A SUPPORTING DEPOSITION? [ ]yes [ ]no.” In the instant case, the six tickets contain the required new language verbatim.
The issue thus presented by this case is whether, in the absence of a valid arraignment, the request for a supporting deposition was timely. CPL 100.25 (2) now expressly provides that if a defendant’s request (for a supporting deposition) is mailed to the court, the request must be mailed within 30 days after the defendant is directed to appear in court as such date appears upon the simplified traffic information and appearance ticket. Indeed, the new language of the amended statute, repeated verbatim on the tickets issued to defendant, specifically states that the defendant is entitled to receive a supporting deposition on request, provided that the request is made within 30 days from the date the defendant is required to appear in court. The notice makes no reference to the necessity that the defendant must first be validly arraigned.
Under CPL 100.25 (3), where a defendant is issued an appearance ticket in conjunction with the simplified information which does not conform with the requirements of CPL 150.10, a request for a supporting deposition is timely when made not later than 30 days after (a) entry of a defendant’s plea of not guilty when he or she is arraigned in person, or (b) written notice to the defendant of his or her right to receive a supporting deposition when a plea of not guilty has been submitted by mail.
*520 The prosecutor contends that an appearance ticket by itself does not confer jurisdiction upon the court. The contention is not entirely correct. While jurisdiction over the defendant does not exist until the defendant is validly arraigned, jurisdiction over the case is conferred upon the court when the simplified traffic information has been filed with the court. In this case, the simplified traffic informations were filed with the court on or about February 8, 1999 and, therefore, the court acquired jurisdiction over the case at the time the defendant’s request for a supporting deposition was received by the court, and most certainly when defendant’s attorney filed his motion to dismiss for failure of the People to serve a supporting deposition.
Many courts receive not guilty pleas by mail to a traffic infraction far in advance of the return date the defendant is directed to appear in court and far in advance of receipt or filing of the simplified traffic information which is supplied by the officer. The new language of CPL 100.25, however, articulates a defendant’s right to receive a supporting deposition, so long as defendant’s request is made during the period between the date when the defendant is charged with the offense and 30 days after the return date stated on the face of the appearance ticket. This right to receive a supporting deposition is not dependent on defendant first being arraigned where the required statutory language is imprinted on the appearance ticket.
People v Perry (supra), relied upon by the prosecutor, is not controlling. In People v Perry, the Court of Appeals held that an attorney’s appearance letter in which defendant sought to enter a plea of not guilty, which was sent 48 hours after defendant had been charged, did not dispense with the need for the defendant to personally appear at his arraignment. In essence, the Court of Appeals held that the attorney’s letter did not constitute an appearance and thus did not trigger an obligation on the part of the People to provide a supporting deposition. Perry, however, construed the language of CPL 100.25 (2) prior to the amendments of October 27, 1996.
The amendment to CPL 100.25 (2), as above stated, now allows a defendant to timely request a supporting deposition upon being charged by a simplified information, rather than being arraigned on a simplified information, so long as the request is made “[within 30] days [from] the date the defendant is directed to appear in court as [set forth on this] appearance ticket” (emphasis added). The new language of CPL 100.25 thus explicitly contemplates that a defendant’s request for a *521 supporting deposition runs from the time the appearance ticket is issued and expires 30 days from the return date indicated on the appearance ticket, irrespective of whether the defendant has been arraigned. Indeed, the new language of CPL 100.25 was adopted to obviate situations which all too frequently had arisen prior to the amendment, where a defendant would personally appear in court years after the return date specified on the ticket, plead not guilty and request a supporting deposition. Now, under the amendment, the time frame within which a defendant may request a supporting deposition is severely circumscribed, and if the request is made before 30 days after the return date shown on the ticket, it is timely even if made by mail and without regard to whether the defendant has been validly arraigned.
The simplified traffic informations are dismissed for failure of the People to supply supporting depositions, without prejudice to refiling of subsequent accusatory instruments. (See, People v Nuccio, 78 NY2d 102; People v Key, 87 Misc 2d 262, affd 45 NY2d 111 [1978].)