*186 OPINION OF THE COURT
Judith A. Rossiter, J.
The defendant, Kelly A. Ney, is charged with violation of Vehicle and Traffic Law § 1129 (a), following too closely, on the 900 block of West Seneca Street, on October 18, 2001. The defendant was charged by a simplified information (uniform traffic ticket or UTT). The back of the ticket contains the following notice to the defendant:
“PART ‘B’ PLEA OF NOT GUILTY
“notice: you are entitled to receive a supporting
DEPOSITION FURTHER EXPLAINING THE CHARGES PROVIDED YOU REQUEST SUCH SUPPORTING DEPOSITION WITHIN THIRTY DAYS FROM THE DATE YOU ARE DIRECTED TO APPEAR IN COURT AS SET FORTH ON THIS APPEARANCE TICKET. DO YOU REQUEST A SUPPORTING DEPOSITION?
□ YES □ NO
“Note: Mail to the court specified on the reverse by Registered or Certified Mail, Return Receipt Requested, or by First Class Mail, within 48 hours. The Court shall then advised the violator by First Class Mail of the trial date.”
The defendant mailed her copy of the ticket with Part B signed (the not guilty area) and the “Yes” box checked for “Do You Request A Supporting Deposition?” Defendant’s signed plea was received by the court on October 30, 2001, and the matter was set down for trial on January 17, 2002. By letter dated December 30, defendant moved to dismiss for failure of the Ithaca City Police to supply the requested supporting deposition in a timely manner. The People do not contest that the supporting deposition was not served in a timely manner as required by CPL 100.25 (2).
Criminal Procedure Law § 100.25 provides, in pertinent part:
“2. A defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. To be timely, such a request must, except as otherwise *187 provided herein and in subdivision three of this section, be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after the date the defendant is directed to appear in court as such date appears upon the simplified information and upon the appearance ticket issued pursuant thereto. If the defendant’s request is mailed to the court, the request must be mailed within such thirty day period. Upon such a request, the court must order the complainant police office or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof. Notwithstanding any provision to the contrary, where a defendant is issued an appearance ticket in conjunction with the offense charged in the simplified information and the appearance ticket fails to conform with the requirements of subdivision two of section 150.10, a request is timely when made not later than thirty days after (a) entry of the defendant’s plea of not guilty when he or she has been arraigned in person, or (b) written notice to the defendant of his or her right to receive a supporting deposition when a plea of not guilty has been submitted by mail.”
Subdivisions (2) and (4) reflect an amendment effective October 27, 1996, requiring that whenever an appearance ticket is issued, the ticket must contain certain and specific language regarding the defendant’s right to receive a supporting deposition. That language, as printed on the back of the UTT, has been reproduced above. Prior to the amendment, the statute permitted defendants who failed to appear either by mail or in person to request a supporting deposition within 30 days after appearance, no matter when that appearance was made. A scofflaw, who waited one year to finally respond to a ticket, still had 30 days to request a supporting deposition under the old statute. Subdivision (2) now provides that, as a general rule, the request for a supporting deposition can only be made within 30 days after the date specified in the ticket for a court appearance or by mail sent within that time (Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book *188 11 A, CPL 100.25, 2001 Pocket Part, at 79). Nowhere in the revised statute is the defendant’s right to a supporting deposition specifically waived if the request is submitted between the appearance date and the 30-day time limit. Here, the defendant’s request for a supporting deposition was received by the court on October 30, 11 days after the ticket was issued, and one day prior to the scheduled appearance date of October 31. The People concede that the request for the supporting deposition was timely, but argue that since she was not arraigned within the 48 hours permitted by Vehicle and Traffic Law § 1806 (her ticket was mailed late), the court has no jurisdiction over her person, and cannot entertain a demand for a supporting deposition nor grant the defendant’s motion to dismiss (People’s Memo in Response to Motion, received Jan. 25, 2002). The question is, then, whether defendant’s entry of a not guilty plea after the 48-hour time limit set by Vehicle and Traffic Law § 1806 is sufficient to confer jurisdiction over the defendant on the court. Prior to the 1997 amendment of CPL 100.25, the courts that analyzed this situation concluded that the language of CPL 100.25 required the defendant to be properly arraigned before his/her right to a supporting deposition was triggered (People v Perry, 87 NY2d 353; People v DeLuca, NYLJ, Oct. 3, 1995, at 30, col 3). The language of CPL 100.25 prior to the 1996 amendment read as follows:
“2. A defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. Such a request must be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after (a) entry of the defendant’s plea of not guilty when he has been arraigned in person, or (b) written notice to the defendant of his right to receive a supporting deposition when he has submitted a plea of not guilty by mail. Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, *189 within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.” (Emphasis added.)
The Court of Appeals, in People v Perry (supra), held that the general rule that a defendant must personally appear in court for arraignment has two exceptions carved out by the Legislature for arraignment without court appearance (CPL 170.10 [1] [a], [b]). The Court said:
“The first exception, set forth in CPL 170.10 (1) (a), applies when an alternative provision of law dispenses with the need for an arraignment or defendant’s personal appearance. The only alternative provision of law arguably applicable to this case is Vehicle and Traffic Law § 1806, which enables a defendant charged with a traffic infraction to enter a not guilty plea ‘by mailing to the court of appropriate jurisdiction the ticket making the charge and a signed statement indicating such plea.’ However, the statute imposes two conditions: ‘Such plea must be sent: (a) by registered or certified mail, return receipt requested or by first class mail; and (b) within forty-eight hours after receiving such ticket’ ” (People v Perry, supra at 356, citing Vehicle and Traffic Law § 1806).
In People v DeLuca (supra), the Yonkers City Court was presented with a similar fact pattern under the preamendment CPL 100.25. Regarding arraignment under Vehicle and Traffic Law § 1806, the court said (at 30, col 4):
“Pursuant to VTL § 1806, in order for the waiver of arraignment and not guilty plea to be valid, the plea must be mailed to the court, within forty-eight (48) hours after receiving such ticket, (emphasis added.) If a ‘not guilty plea’ by mail is untimely sent, the plea cannot be accepted by the Court and a defendant must then appear in person for arraignment upon the simplified traffic information. Predicated upon the foregoing, the Court concludes that any request for a supporting deposition made by a defendant in an untimely plea of not guilty by mail must be deemed a nullity, since the defendant has not yet been arraigned, a statutory prerequisite for making such a request. CPL § 100.25.”
Since the amendment to CPL 100.25, Peter Preiser has made this commentary (at 80):
*190 “Subdivision two now provides that, as a general rule, request for the deposition can be made only within thirty days after the date specified in the ticket for appearance in court, upon pleading in person or by mail sent within that time; as distinguished from the date the defendant actually appeared in person, or pled by mail and received notice of the right to the deposition. In order to foreclose claims of ignorance regarding the time limit for the right to request a supporting deposition, conforming changes provide that the appearance ticket must contain notice of the right and the thirty day limitation (see subd. 4 and CPL § 150.10[2]).”
The purpose of the amendment was to limit the time within which the defendant could request the supporting deposition, preventing scofflaws from circumventing the system by asking for supporting depositions long after the date of the infraction. The present fact pattern was probably not anticipated by the Legislature when it amended CPL 100.25 (2).
The only reported case* dealing with the fact pattern at hand is People v Guerrerio (181 Misc 2d 517), a 1999 case out of the Justice Court for the Village of North Hills in Nassau County, which has not been cited as authority in any reported cases. In that case, the prosecutor, as in this case, contended that in the absence of a valid arraignment (plea not entered until five weeks after the ticket was issued), the court lacked jurisdiction over the defendant and was without the authority to set the course of further proceedings, making the defendant’s request for a supporting deposition a nullity as in People v Perry (supra). In finding otherwise, the court emphasized the wording of the notice to the defendant printed on the back of the appearance ticket. The court found that the notice to the defendant advises him of his right to a supporting deposition if the request is made within 30 days from the issuance of the ticket (“the date you are directed to appear in court”), making no reference to the necessity that the defendant must first be validly arraigned (at 519). Although the appearance ticket in this case directs the defendant to mail the plea within 48 hours, it is disconnected from the notice informing the defendant of *191 his right to a supporting deposition if the request is filed within 30 days. The prosecutor contended, in the Guerrerio case, that the appearance ticket by itself did not confer jurisdiction upon the court. Without citing authority, the court found that while jurisdiction over the defendant does not exist until the defendant is validly arraigned, jurisdiction over the case is conferred upon the court when the simplified traffic information has been filed with the court. The Guerrerio court concluded that a defendant’s right to the supporting deposition is independent of arraignment since the 1996 amendment, and that the court can enforce the right even if the defendant has not been properly arraigned. The court dismissed the simplified traffic information without prejudice, citing People v Nuccio (78 NY2d 102).
The Guerrerio case fails to address prior Court of Appeals decisions interpreting the Criminal Procedure Law that pertain to obtaining jurisdiction. In People v Perry (supra at 355-356), the Court of Appeals stated:
“An arraignment is defined as ‘the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action’ (CPL 1.20 [9]). Before the arraignment, the court lacks jurisdiction over defendant and is therefore unable to set the course of further proceedings. Accordingly, a defendant who has not properly submitted to the court’s jurisdiction is not entitled to request a supporting deposition and any such request is a nullity.
“Although the general rule is that a defendant must personally appear in court for arraignment, the Legislature has carved out two exceptions whereby a defendant charged in a simplified information may be arraigned without a court appearance (see, CPL 170.10 [1] [a], [b]).
“The first exception, set forth in CPL 170.10 (1) (a), applies when an alternative provision of law dispenses with the need for an arraignment or defendant’s personal appearance. The only alternative provision of law arguably applicable to this case is Vehicle and Traffic Law § 1806, which enables a defendant charged with a traffic infraction *192 to enter a not guilty plea ‘by mailing to the court of appropriate jurisdiction the ticket making the charge and a signed statement indicating such plea.’ However, the statute imposes two conditions: ‘Such plea must be sent: (a) by registered or certified mail, return receipt requested or by first class mail; and (b) within forty-eight hours after receiving such ticket’ (Vehicle and Traffic Law § 1806). In this case, defendant did not comply with the plea-by-mail provision of Vehicle and Traffic Law § 1806. Not only did defendant fail to send the ticket along with his plea, his lawyer’s appearance letter was sent more than three weeks after he received the simplified information, well beyond the 48-hour period prescribed by the statute.”
The question, then, before the court is how the amendment to CPL 100.25 should be interpreted in light of the Court of Appeals’ prior ruling on the statutory scheme conferring jurisdiction upon the court in vehicle and traffic cases. The Court of Appeals has stated in Brothers v Florence (95 NY2d 290, 299):
“While interpretation must begin with an examination of ‘the language itself (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583), where a statute does not expressly address the issue, ‘ “the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal” ’ (Matter of OnBank & Trust Co., 90 NY2d 725, 730 [quoting Matter of Duell v Condon, 84 NY2d 773, 783]).”
The legislative goal in the 1996 amendment is not in controversy. That goal was to limit the time within which the defendant could request a supporting deposition, preventing scofflaws from circumventing the system by asking for supporting depositions long after the date of the infraction where they failed to appear. It is a familiar principle that in construing a statute, a court should consider the mischief sought to be remedied and should construe the act in question so as to suppress the evil and advance the remedy (Paikoff v Harris, 277 NY2d 557). However, the remedy sought to be achieved by the Legislature should be advanced within the context of the existing law. A fundamental rule of statutory construction is that the Legislature, when enacting an amendment or new legislation, is presumed to know and be aware of the law existing at that time and does not act in a vacuum (Thomas v Bethlehem Steel Corp., 95 AD2d 118 [3d Dept 1983]). In the absence of *193 contrary intent, the language of an amendment should be construed in light of previous judicial decisions construing the original act (Conesco Indus. v St. Paul Fire & Mar. Ins. Co., 184 AD2d 956 [3d Dept 1992]). It must be kept in mind that the Legislature only amended CPL 100.25, and did not amend Vehicle and Traffic Law § 1806 which requires that the mail-in not guilty plea be mailed within 48 hours in order to fall within an exception to CPL 170.10 requiring a personal appearance for arraignment. The court finds that the following interpretation of the amendment to CPL 100.25 would comply with the above-cited rules of statutory interpretation and still give meaning to the remedy sought by the Legislature in amending subdivision (2). The court finds that nothing in the amendment eliminated the requirement that a defendant must be arraigned for the court to obtain jurisdiction over him or her. Therefore, when the defendant, as in this case, fails to submit the written plea within 48 hours, the court must arraign the defendant under CPL 170.10. At that point, the defendant may request a supporting deposition under CPL 100.25, if still within 30 days from the date the defendant is directed to appear in court as such date appears on the ticket.
Regarding People v Rossi (154 Misc 2d 616), cited by defense counsel, the court finds it inapplicable to the facts here. In that case, the defendant’s attorney requested the supporting deposition, and the court held that the 30-day time limit started to run when the attorney made the request. Here, defense counsel sent a letter to the court on December 10 to enter his appearance, but did not request a supporting deposition. Additionally, Rossi was decided before the amendment to CPL 100.25, and the case presented no issue of an untimely mail-in appearance.
Defendant’s attorney asserted that he entered a limited appearance for the purpose of arguing the motion to dismiss. However, the court file contains a letter dated December 10, 2001, from defendant’s attorney in which a general appearance has been entered. A subsequent letter dated December 30, 2001 informs the court that the defense attorney writes “as defense counsel for the above-captioned defendant,” moving for dismissal as discussed herein. On January 17, 2002, the defendant’s attorney again submitted a letter containing the following sentence: “I write as counsel for the above-captioned defendant.” As attorney Kheel has entered a general appearance, he would be required to move the court to withdraw from the case before a limited appearance could be considered. There is no motion to withdraw before the court, and, therefore, the *194 court finds he continues as defendant’s attorney. (Equitable Trust Co. of N.Y. v Halim, 133 Misc 678; Chemacid Societe Anonyme v Rothschild, 180 Misc 929; Chapman v Chapman, 284 App Div 504; Sivakoff v Sivakoff, 104 NYS2d 174.) Under CPL 170.10 (1) (b), the court deems attorney Kheel’s general appearance on December 10, 2001 as defendant’s first appearance. As a supporting deposition was not requested in a timely manner by either the defendant or her attorney under CPL 100.25, that right has now been waived.
Therefore, defendant’s motion is denied.

 Although timely arraignment was not an issue, the District Court of Suffolk County has also interpreted the 1996 amendment to CPL 100.25 to provide the defendant an absolute right to the supporting deposition if requested within the 30 days (People v Ryan, 179 Misc 2d 670).