[808 NE2d 334, 776 NYS2d 199]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANA W. TYLER, Respondent.

Argued February 19, 2004; decided March 30, 2004

## POINTS OF COUNSEL

*Howard R. Relin, District Attorney,* Rochester (*Kelly Christine Wolford* and *Daniel P. Majchrzak, Jr.,* of counsel), for appellant. Respondent improperly and prematurely requested a supporting deposition. Thus County Court erred in concluding that the ticketing trooper failed to timely serve a supporting deposition pursuant to CPL 100.25 (2). (*People v Perry,* 87 NY2d 353; *People v Ney,* 191 Misc 2d 185; *People v Maran,* 174 Misc 2d 327; *People v DeLuca,* 166 Misc 2d 313; *People v Guerrerio,* 181 Misc 2d 517; *Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Brothers v Florence,* 95 NY2d 290; *People v Lippman,* 156 Misc 2d 333; *People v Key,* 45 NY2d 111.)

*Muldoon & Getz,* Rochester (*Gary Muldoon* of counsel), for respondent. Because the supporting deposition was served 39 days after defendant's request was received by the court, the supporting deposition was not timely served and filed, and the simplified traffic information was therefore defective. (*People v Titus,* 178 Misc 2d 687, 92 NY2d 986; *People v Guerrerio,* 181 Misc 2d 517; *People v Ney,* 191 Misc 2d 185; *People v Brewer,* 91 NY2d 999; *People v McGettrick,* 139 Misc 2d 403; *Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur.,* 55 AD2d 457; *People v Perry,* 87 NY2d 353; *People v Lippman,* 156 Misc 2d 333; *People v Shipp,* 137 Misc 2d 495; *People v Jennings,* 69 NY2d 103.)

## OPINION OF THE COURT

READ, J.

This case began on April 21, 2002, when defendant was ticketed for speeding. The front of the ticket directed defendant to appear in Webster Town Court on May 14, 2002, thus serving as an "appearance ticket" under CPL 150.10.

As is relevant here, Part "B" on the ticket's reverse side instructed defendant how to enter a plea of not guilty by mail. Part "B" included a "notice"—mandated by CPL 150.10 (2) and 100.25 (4)—informing defendant that he was entitled to receive a supporting deposition if he requested it "within thirty days from the date [he was] directed to appear in court as set forth on this appearance ticket"; and asking him to check a box

to indicate whether or not he requested a supporting deposition. Part "B" directed defendant to mail the ticket to Town Court within 48 hours of its receipt; and specified that Town Court would advise him of a trial date by mail.

Defendant completed Part "B," signing it, entering his address and checking "Yes" to indicate that he requested a supporting deposition. Rather than mail the ticket within 48 hours, however, he hand delivered it to the office of the Town Court's clerk on April 22, 2002, the day after he was ticketed. The clerk accepted defendant's not guilty plea and request for a supporting deposition, and rescheduled his return date from May 14 to May 1, 2002.[1] At his arraignment on May 1, 2002, defendant reiterated his not guilty plea as well as his request for a supporting deposition, which he received on May 31, 2002.

Defendant subsequently moved to dismiss the information, alleging that the supporting deposition was not timely served within 30 days after his initial request for it on April 22, 2002. Town Court denied the motion, construing CPL 100.25 (2) to preclude defendant from asking for a supporting deposition before May 14, 2002, the date he was originally directed to appear in court, or, at the earliest, May 1, 2002, when he was actually arraigned. On defendant's appeal, County Court, Appellate Term, reversed. County Court concluded that defendant had made a timely request for a supporting deposition on April 22, 2002; therefore, the supporting deposition served on May 31, 2002—39 days later—was untimely. We agree.

As County Court recognized, CPL 100.25 (2)[2] does not force a defendant to wait until arraignment to request a supporting de-

---

**1.** Whether the clerk changed the return date immediately or sometime later is not clear.

**2.** Under CPL 100.25 (2),

"[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him . . . a supporting deposition of the complainant police officer . . . . To be timely, such a request must . . . be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after the date the defendant is directed to appear in court as such date appears upon the simplified information and upon the appearance ticket issued pursuant thereto. . . . Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to

position. The statute provides that a defendant may request one when *"charged* by a simplified information" (CPL 100.25 [2] [emphasis added]), and defendant was "charged" when he was ticketed.[3] Further, defendant satisfied all the conditions for a "timely request": he asked for the supporting deposition "before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after the date" he was "directed to appear in court as such date appear[ed] upon the simplified information and upon the appearance ticket issued pursuant thereto" (CPL 100.25 [2]).

The People rely on subdivisions (3) and (4) of CPL 100.25 to argue that a "timely request" for a supporting deposition cannot be made before the return date set forth on the appearance ticket. We read these subdivisions, however, as merely specifying the outside time limit within which a request must be made. In short, while a defendant cannot ask for a supporting deposition later than 30 days after the return date on the appearance ticket, nothing in CPL 100.25 or elsewhere prohibits a request prior to this return date so long as the defendant has not pleaded guilty and trial has not started.

Accordingly, the order of County Court should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and R.S. SMITH concur.

Order affirmed.

---

file such supporting deposition with the court together with proof of service thereof."

**3.** CPL 100.25 (2) formerly "expressly provide[d] that a defendant is only entitled to a supporting deposition after he has been 'arraigned upon a simplified information' " (*see People v Perry*, 87 NY2d 353, 355 [1996]). After *Perry* was decided, the Legislature amended the statute to replace "arraigned upon" with "charged by" (*see* L 1996, ch 67, § 2).