*252 OPINION OF THE COURT
Martin I. Kaminsky, J.
This case raises a new issue as to when the defendant in a traffic case must request a supporting deposition in order not to waive his/her right to such a supporting deposition.
The 1996 amendment to CPL 100.25 requires a defendant to request a supporting deposition within 30 days of the return date of his/her ticket, regardless of whether the defendant has yet been arraigned. For the reasons explained below, the court holds that CPL 100.25 should be applied in a manner consistent with prior Court of Appeals determinations on when a court acquires jurisdiction over the defendant and the obligation to assure that due process is accorded to all defendants. Thus, even if the right to a supporting deposition has technically expired, the court should exercise its judgment in appropriate circumstances to assure that the defendant is not deprived of his/her ability to prepare a meaningful defense to the charge.
Defendant is charged with unsafe passing and tailgating while driving without insurance (Vehicle and Traffic Law § 319 [1]) on Route 106 in the Village of Muttontown on October 23, 2006. The uniform simplified traffic information (the ticket) issued to her was returnable on November 9, 2006. Defendant did not enter a plea to the charge at that time, and her driver’s license was suspended. Thereafter, defendant retained counsel, who later entered a plea of not guilty by mail on March 13, 2008, i.e., approximately 16 months after defendant was noticed to appear in response to the ticket. In the same letter, defendant requested that she be served with a supporting deposition.
Defendant moves to dismiss this case on the ground that the People failed to serve her attorney with a supporting deposition within 30 days of her request for such a deposition on March 13, 2008.
The People concede that they failed to serve a supporting deposition within 30 days of that request. Normally that would end the matter, since a supporting deposition must be served within 30 days of a timely request. (CPL 100.20, 100.40 [2]; People v Perry, 87 NY2d 353, 355-356 [1996]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990]; People v DeLuca, 166 Misc 2d 313, 316 [1995]; cf. People v Furst, 1 Misc 3d 654 [2003].) However, the People have raised an issue as to whether the request for such a supporting deposition was timely.
In an amendment to CPL 100.25 (2) in 1996, the Legislature provided that a request for a supporting deposition must be made “not later than thirty days after the date the defendant is *253 directed to appear in court” pursuant to the ticket issued to him/her. That changed the prior law, which had allowed such a request to be made within 30 days of the defendant’s not guilty plea, i.e., arraignment. The change was apparently intended to prevent a “scofflaw” who had failed to timely answer the charge against him/her from later doing so and then seeking a supporting deposition. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, at 367; People v Ney, 191 Misc 2d 185, 187-188, 193 [2002]; People v Guerrerio, 181 Misc 2d 517, 519 [1999].)[1]
Ordinarily, the court does not acquire jurisdiction over a defendant in a traffic case until the defendant has been arraigned (i.e., entered a plea in response to the charge). (Perry, 87 NY2d at 355-356 [“(b)efore the arraignment, the court lacks jurisdiction over defendant and is therefore unable to set the course of further proceedings”]; Morris, Bogle, Liotti, Dobiel and Miller, Village, Town and District Courts in New York § 4:1, at 4-9— 4-10 [2007 ed] [“(b)ecause arraignment is the first time the defendant appears before the court ... it also marks the point at which the court officially acquires that jurisdiction, or declines it”].) The court may also obtain jurisdiction if the defendant enters a general appearance, either personally or through counsel, and consents to the jurisdiction of the court. (People v Sannerud, NYLJ, May 29, 2007, at 27, col 1; see also Ney, 191 Misc 2d at 193.) But that usually occurs, if at all, at an in-person arraignment. Such a situation is not involved here.[2]
Arraignment in a traffic case need not be in person. Rather, the recipient of a traffic ticket has several ways to enter a plea. *254 He/she may do so “in person, by duly authorized agent, by first class mail or by registered or certified mail, return receipt requested.” (Vehicle and Traffic Law § 1805.) Often, a defendant who seeks to enter a plea by mail, does so before the return date on his/her ticket.
An in-person plea or one entered by a “duly authorized agent” (counsel for the defendant) is usually made at a formal arraignment. Such an in-person arraignment generally occurs on the return date specified in the traffic ticket issued to the defendant, which is usually a date within 30 days of the defendant’s receipt of a summons or ticket. But, the return date is sometimes adjourned, and the defendant’s plea may also be adjourned while the defendant seeks counsel. Thus, arraignment (even in the ordinary course) is sometimes later than that, and may not be within 30 days of the return date in the ticket. Whenever it occurs, arraignment is not accomplished until the defendant has entered a plea to the charge. (Perry, 87 NY2d at 355; Ney, 191 Misc 2d at 191.)
When counsel appears for a defendant and requests a supporting deposition, the deposition must be served on the attorney, not the defendant himself/herself. (People v Rossi, 154 Misc 2d 616, 620-624 [1992]; see also People v Sannerud, NYLJ, May 29, 2007, at 27, col 1; People v Bruce, 4 Misc 3d 1024[A], 2004 NY Slip Op 51025[U] [2004].) But, the attorney’s request must still be timely. (Rossi, 154 Misc 2d at 619-620; CPL 100.25.)
At the time of the amendment to CPL 100.25 in 1996, several cases had held that, since a supporting deposition could be requested at arraignment and arraignment might not be accomplished for an extended period, a supporting deposition might be lawfully requested long after the original return date of the ticket. The Legislature is deemed to have been aware of those decisions. (Foy v 1120 Ave. of the Ams. Assoc., 223 AD2d 232, 237 [1996]; Matter of Thomas v Bethlehem Steel Corp., 95 AD2d 118 [3d Dept 1983], affd 63 NY2d 150 [1984].) But, the Legislature must also be deemed to have been aware of the rule that the court does not obtain jurisdiction over a defendant until he/she has been arraigned. (Foy, 223 AD2d at 237; see also Ney, 191 Misc 2d at 193.)
In Perry (87 NY2d at 356), the Court of Appeals held that a request for a supporting deposition made before the defendant *255 had entered a plea was ineffective because the court did not yet have jurisdiction over the defendant. The amendment to CPL 100.25 changed that, so that the request may now be made before arraignment. (People v Tyler, 1 NY3d 493, 495-496 [2004].) As the court in People v Mensch (6 Misc 3d 1012[A], 2002 NY Slip Op 50729[U], *3 n 3 [2002]) observed, the amendment in effect “superseded” the “conclusion reached in Perry” as to when a supporting deposition can be requested. Without opining on the accuracy of that observation, it does not answer the matter before this court.
At issue here is whether the Legislature can write a statute that conflicts with the basic rule that jurisdiction is not obtained over a defendant until he/she has been arraigned by prescribing conduct for the court to engage in with respect to the defendant before the court has acquired jurisdiction over the defendant. A request for a supporting deposition is a somewhat unusual disclosure request, since it is made to the court not the People, and it is the court which passes the request on to the police or other enforcement officer involved with a direction that the supporting deposition be provided. (People v Mazzeo, 10 Misc 3d 1053[A], 2005 NY Slip Op 51945[U] [2005].) Hence, it would appear essential for the court to first acquire jurisdiction over the defendant if the court is to exercise such jurisdiction as to the defendant.
In Foy (223 AD2d at 237), the Second Department declined to construe a statute in a manner that would have contradicted prior case law and other related statutory provisions in the absence of a clear and explicit statement by the Legislature that it intended to overrule those prior authorities. Here, the court is also being asked to apply a statute which arguably conflicts with Court of Appeals authority as to the fundamental power of the court (namely when and how it can exercise jurisdiction over a defendant).
The fact that a prearraignment request for a supporting deposition is now a valid request does not necessarily mean that the failure to make such a request before the court obtains jurisdiction over the defendant should become a waiver of one’s right to a supporting deposition. As noted above, the appearance date is sometimes adjourned. That may occur for a variety of reasons, ranging from the defendant’s desire to consult counsel to merely conflicts in the defendant’s business or personal schedules. While some lay defendants may understand the significance of a supporting deposition and the need to seek *256 it promptly, others will not fully understand it without the help of counsel or an explanation in court. Strictly applying the statute may cause a defendant who is acting in good faith to inadvertently forfeit his/her right to a supporting deposition while seeking the very type of professional advice that might lead the defendant to ask for one.
“[I]t is fundamental to our system of justice that a defendant must be fully apprised of the facts and law which he is being accused of having violated.” (People v Gutterson, 93 Misc 2d 1105, 1107 [1978]; Chess, 149 Misc 2d at 433; see also People v Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U], *9 [2005].) However, since a nonmisdemeanor traffic action such as this one is generally not a criminal action (People v Kleber, 168 Misc 2d 824, 830-831 [1996]), a traffic defendant is not entitled to pretrial discovery such as a bill of particulars (see e.g. Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U]). In such a case, the court may, but is not required to, direct the People to provide information beyond that in the ticket; that is a matter of discretion for the court. (Id.; Gutterson, 93 Misc 2d at 1108-1109; cf. People v Correia, 140 Misc 2d 813, 818 [1988].)
A supporting deposition-is designed to provide the defendant with such additional information to enable the defendant to adequately and knowingly prepare for trial. It is true that a supporting deposition need not add information when the information in the ticket itself states a prima facie case against the defendant. (People v Worrell, 10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U] [2005]; Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U].) But that is not always the case. Therefore, a supporting deposition may provide additional information that is important to the defense.
Without a supporting deposition the defendant may be prejudiced, indeed in some cases seriously prejudiced, in his/her trial preparation. That potential difficulty in trial preparation may be heightened if the defendant has not been arraigned for an extended period. Recollections may have faded, and access to witnesses, etc., may be more difficult. The People’s witnesses often rely on contemporary notes and other materials to refresh their recollections. Thus, the delay may not prejudice the People’s case. But obtaining more information about the charge and the circumstances in which the alleged violation occurred can be particularly important for the defendant where there has been a significant delay.
*257 The court recognizes that there are potentially valid reasons for supporting strict enforcement of CPL 100.25 as amended. But, they do not appear persuasive here. For example, the right to a supporting deposition is not a constitutional right, but rather a right created by statute, and thus presumably subject to limitation by the Legislature which created that right. However, the Legislature’s power is not without limitation; it cannot legislate procedures that deny a defendant due process.
A waiver (by definition) must be knowingly made. It is true that a defendant can waive even constitutional rights (e.g., Miranda rights and the right to counsel) before one is arraigned. Hence, one might assume that a right created by state statute should also be waivable before the court gains jurisdiction over the defendant. But, in those instances, the court assures that the waiver of rights was knowingly waived. Indeed the waiver is generally made in person (often in front of more than one person) and often confirmed in writing or on an audio or videotape recording. Similarly, no question as to the knowing nature of a waiver will generally arise where the defendant fails to request a supporting deposition at or promptly after an in-person arraignment since, at such an arraignment, the court itself will directly advise or remind the defendant of his/her right. By contrast, in the circumstances here, waiver is being inferred from a mere notice on the ticket and silence from (at most inaction by) the defendant.
Given the limitations on the defendant’s ability to defend himself/herself in a traffic case and the possibilities for unfairness to the defendant, it would be unnecessarily severe to deny the defendant the right to further information by inferring a waiver from a delay in his/her arraignment. Moreover, as noted above, the People generally will not be prejudiced by providing a supporting deposition at a date even significantly later than the return date specified in a traffic ticket. The People will have to present and prove at trial the same facts which a supporting deposition will reveal.
The 1996 amendment appears to have only a punitive purpose, namely to punish someone who is tardy in entering an appearance and a plea. To be sure, there can be cases of abuse from a belated arraignment, such as when a scofflaw simply ignores tickets and later seeks to contest them after the facts have become potentially stale. But punishing a defendant by *258 potentially impairing his/her ability to adequately prepare a defense appears to be excessive, and a potential denial of due process. Other more appropriate punishment (e.g., suspension of the defendant’s license to drive) already accompanies a defendant’s failure to answer a ticket. Justice should be the guideline, not pique at a defendant’s failure to respond to process in a timely manner.
At bar, there was an arguably unreasonably long delay in the defendant’s appearance. But the court has not been advised of the reasons, and the defendant’s license was suspended as a result of the delay. When the defendant was finally arraigned, her request for the supporting deposition was made at the same time as the entry of her plea. Further, the plea and request were made by the defendant’s “duly authorized agent,” which the Vehicle and Traffic Law expressly permits. Thus, the request appears to have been made in good faith and not for an improper reason or purpose.
The court has serious doubt whether the amendment to CPL 100.25 is constitutional or otherwise enforceable, and would be inclined to rule that strict application of the statute is not permissible in the circumstances here. But, since that particular objection has not been raised by the defendant, the court need not actually rule on that matter. Rather, in light of the limited objection before the court and the explicit language of CPL 100.25, the court is compelled to find that the defendant’s request for a supporting deposition was untimely. Thus, the court denies defendant’s motion, and declines to dismiss this action based on the failure to provide a supporting deposition within 30 days of the request.
However, leaving the matter at that would not be a satisfactory result. Therefore, in the interest of justice, the court exercises its jurisdiction and discretion to require that the People now supply the equivalent of a supporting deposition to the defendant within 30 days of receipt of this order, failing which this case will be dismissed. (Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U].)
The court asks the Legislature to revisit this subject, and suggests that CPL 100.25 be amended to provide a fairer and more equitable rule. For example, if the statute is rewritten to again provide that a request for a supporting deposition must be made within 30 days of arraignment, the statute might also provide that a request made more than six months after the return date *259 of the ticket (or such other time as the Legislature may deem appropriate) can be denied by the court if the People show that, due to the passage of time, it has been prejudiced by the delay, such as if it is no longer possible to provide such a supporting deposition.

. Previously, there was a different disagreement over when the time period actually began to run. As noted in “Practice Tip” in Morris, Bogle, Liotti, Dobiel and Miller, Village, Town and District Courts in New York (§ 3:49, at 3-27 [2007 ed]), some courts had held that the 30-day period begins to run on “the day the ticket arrives at the court.” (People v Chess, 149 Misc 2d 430 [1991].) The Appellate Term, however, had held that the time to make a request began to run only when the defendant had entered a plea, reasoning that the court does not have jurisdiction over the defendant until he/she has been arraigned. (People v Lippman, 156 Misc 2d 333, 334-335 [App Term, 2d Dept 1993]; accord People v Rossi, 154 Misc 2d 616, 619 [1992].) As demonstrated in this case, the issue of when the court acquires jurisdiction continues to have important potential effects on the defendant’s rights.

. In Guerrerio (181 Misc 2d at 519-520), the court applied the amendment to CPL 100.25 on the theory that, although the court does not acquire jurisdiction over the defendant until he/she is arraigned, the court may acquire jurisdiction over the matter when the ticket is filed with the court. Guerrerio appears to incorrectly apply principles relating to the subject matter jurisdic *254 tion of the court to issues relating to the court’s personal jurisdiction over the defendant. (Cf. Ney, 191 Misc 2d at 193.)