OPINION OF THE COURT
Madeleine A. Fitzgibbon, J.
Defendant is charged in multiple simplified traffic informa *1025 tians with violations of the Vehicle and Traffic Law, and moves to dismiss, asserting the informations are insufficient on their faces because he has not been served with supporting depositions from the complainant police officer pursuant to CPL 100.25 (2) (see, CPL 100.40 [2]).
The entitlement to a supporting deposition arises when a defendant prosecuted under a simplified information makes a timely demand for one. To be timely, the demand must be made within 30 days of a not guilty plea if defendant is arraigned in person, or within 30 days of written notice to defendant of the right to a deposition when he has submitted a not guilty plea by mail (CPL 100.25 [2]). The failure to supply the deposition within 30 days of the date a timely request is received renders the simplified information insufficient on its face, as defendant notes (CPL 100.25 [2]; 100.40 [2]; see, People v Nuccio, 78 NY2d 102, 104), and dismissal is mandatory (People v Thumser, 148 Misc 2d 472).
The markings on the court file reflect that defendant pleaded not guilty to all charges on May 25, 1994. He demanded a supporting deposition more than six months thereafter, on December 7, 1994, when defense counsel, who first appeared for him on December 6, 1994, filed a demand letter with the court. Implicit in defendant’s assertion that his demand for a deposition is timely, having been served one day after counsel’s first appearance, is an assumption that the time to make the demand is revived, or extended, for those defendants who obtain the representation of counsel following entry of their not guilty pleas. The court is of the opinion that this assumption is unsupportable. The statute itself does not provide for such a revival or extension (see, CPL 100.25 [2]). When the Legislature has deemed an extension of time appropriate in deference to defense counsel who appears after arraignment, it has drafted the extension provision into the legislation. It has expressly provided, for example, that pretrial motions, which usually must be made within 45 days after arraignment, may be made within 45 days of the first appearance of counsel when an unrepresented defendant has requested an adjournment to obtain counsel; the Legislature has also given the court discretion to extend the time for pretrial motions upon application by the defense (CPL 255.20 [1]). Similarly, a request for a bill of particulars ordinarily must be made within 30 days after arraignment. However, if the defendant is unrepresented by an attorney at the time of arraignment and has requested an adjournment to obtain *1026 counsel, the 30-day period commences on the date counsel first appears, and, in addition, the Legislature has given the court discretion to direct compliance with an untimely request for a bill or particulars that could not have been made in timely fashion (CPL 200.95 [3]).
The extension upon which defendant would rely in the case sub judice is one concerning which the Legislature has not acted. Since it has acted to extend the time for a defendant to take action in other contexts, as demonstrated in the examples recited earlier, the court is persuaded that the absence of language permitting late requests for supporting depositions to accommodate attorneys who are not retained until after expiration of the time to make the request reflects a legislative determination against such an extension. Consequently, the court holds that the 30-day period to make a request for a supporting deposition is not extended or revived when an attorney appears after the period has expired.
Defendant’s demand for a supporting deposition was untimely. He waived the right to a deposition, and this prosecution may go forward on the simplified information alone (see, People v Nuccio, 78 NY2d 102, 104, supra).
Accordingly, the motion to dismiss is denied.