OPINION OF THE COURT
Memorandum.
Order unanimously affirmed.
In two simplified traffic informations, defendant was charged with operating a motor vehicle in violation of safety rules and regulations (Transportation Law § 140 [2] [d] [ii]) and in a third, with operating a motor vehicle with an expired license (Vehicle and Traffic Law § 509 [1]) on June 6, 1997 in Islip. On July 30, he was arraigned and on August 12, 1997, a written request for supporting depositions was made. In motion papers filed on October 16, 1997, defendant sought a dismissal for failure by the People to supply supporting depositions. In their unsuccessful opposition to the motion, the People alleged, inter alia, that the complainant police officer was never ordered to serve a supporting deposition; that “a supporting deposition will be filed and served upon the defendant within the statutory requirement of 30 days, from the date on which the Court orders such a deposition to be so served;” and that the simplified informations in this case were facially sufficient without supporting depositions.
The court below was correct in dismissing the simplified in-formations. CPL 100.25 (2) provides that a defendant charged by a simplified information is “upon a timely request, entitled as a matter of right” to a supporting deposition of the complainant police officer and that “[u]pon such a request,” the court must order the officer to serve a copy of the same within 30 days “of the date such request is received by the court, or at least five days before trial, whichever is earlier”. Nowhere in the statutory language is there authority for making the 30-day period run, as urged by the People, from the date on which the court orders a deposition to be served.
The People call attention to the language of CPL 100.40 (2) which states, “A simplified information is sufficient on its face *689 when, as provided by subdivision one of section 100.25, it substantially conforms to the requirement therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer or public servant to comply with such order within the time provided by subdivision two of said section 100.25 renders the simplified information insufficient on its face.” Certainly, said language does reflect the expectation of the Legislature that in the ordinary and proper sequence of events, the complainant officer would in fact be ordered by the court to serve and file the deposition following its receipt of defendant’s request. This expectation is consistent not only with the requirements imposed on the court by CPL 100.25 (2) but also those contained in court rules (People v Thumser, 148 Misc 2d 472, 473 [App Term, 9th & 10th Jud Dists 1990]). The language of CPL 100.40 (2) does not, however, create a different time frame for service and filing of the supporting deposition in the event that the complainant officer is not so ordered by the court. To the contrary, it expressly repeats that the period provided by CPL 100.25 (2) is the time frame for service of the deposition, and such time frame is 30 days from the date of receipt of defendant’s request by the court, or five days before trial, whichever is earlier.
The weight of case law also supports an interpretation of CPL 100.25 (2) and 100.40 (2) that requires the defendant to do no more than file a timely, written request with the court to become entitled to a supporting deposition as of right. In People v Nuccio (78 NY2d 102, 104), our Court of Appeals observed, “If a timely request for a supporting deposition is made, the failure to supply one renders the simplified information insufficient on its face (CPL 100.40 [2]) and subjects it to dismissal upon motion (CPL 170.35 [1] [a]; 170.30 [1] [a]).” Thus, the State’s highest Court, while cognizant of the wording of CPL 100.40 (2), noted no other precondition to the bringing of a dismissal motion by the defendant than a failure to be furnished with a supporting deposition in response to his timely request (supra; see also, People v Thumser, supra, at 473-474).
It is also clear that any construction of CPL 100.40 (2) which would require the existence of a court order directing the complainant police officer to serve the supporting deposition as a precondition to a dismissal motion in all cases could readily yield absurd results. Should a defendant who has not been supplied a supporting deposition within the prescribed time *690 frame be required to bring a motion for a court order directing service by the court of his request upon the officer? This would be inconsistent with the use of the word “request” rather than “motion” in the statute (People v Thumser, supra, at 473). Should the court in that event direct the officer as required by both CPL 100.25 (2) and 100.40 (2) to serve and file the supporting deposition within 30 days of defendant’s request or five days before trial, even though said period has already elapsed?
We are of the view that to require the defendant, who often appears pro se in traffic matters, to take any such further and unprescribed steps to receive his supporting deposition could work to “defeat the very purpose of the statute, disregard the interests of judicial economy and, in many cases, render the defense of traffic matters impracticable” (People v Aucello, 146 Misc 2d 417, 420 [App Term, 9th & 10th Jud Dists 1990]).
Also lacking in merit is the contention of the People herein to the effect that the court below should have concluded, based on the contents of the simplified traffic informations themselves, that there was no right or requirement of a supporting deposition (CPL 100.40 [2]; see also, People v Nuccio, supra). CPL 100.40 (2) indicates that a simplified traffic information is sufficient on its face when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles “provided that” when the filing of a supporting deposition is ordered, a failure of the complainant to timely comply with such order “renders the simplified information insufficient on its face.” Furthermore, the Court of Appeals, referring to CPL 100.20 and 100.25 (2), has stated that a supporting deposition must be a signed and verified written instrument “ ‘containing factual allegations of an evidentiary character * * * which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein’ ” and that “[i]n addition” it must contain allegations of fact providing reasonable cause to believe that the defendant committed the offenses charged (People v Hohmeyer, 70 NY2d 41, 43).
To the extent that the case of People v Schuttinger (143 Misc 2d 1032) is in conflict with the foregoing, it is overruled.
DiPaola, P. J., Floyd and Palella, JJ., concur.