OPINION OF THE COURT
John M. Duffy, J.
Defendant, charged in a misdemeanor information with driv *671 ing while intoxicated (Vehicle and Traffic Law § 1192 [3]), seeks dismissal of what he asserts are three other charges against him in three simplified traffic informations. As a preliminary matter, the court notes that the total charges against defendant are actually three in number, not four as defendant assumes, and that only two simplified traffic informations have been filed against defendant. Each simplified information contains a separate charge of failing to stop at a red light (Vehicle and Traffic Law § 1111 [d] [1]). The only other charge against defendant is that for driving while intoxicated which, as noted, is contained in a misdemeanor information. All accusatory instruments were filed in court simultaneously. The additional “simplified traffic information” is not an accusatory instrument at all. It is merely the appearance ticket for the driving while intoxicated charge contained in the misdemeanor information.
Dismissal of the simplified traffic informations is sought on the ground they are insufficient because the complainant police officer failed to supply defendant with a supporting deposition in response to a request defendant made for one (see, CPL 170.30 [1] [a]; 170.35 [1] [a]; 100.40 [2]; 100.25 [2]).
This prosecution commenced on September 3, 1996 with the filing of the misdemeanor information containing the driving while intoxicated charge (CPL 1.20 [17]). The date for defendant to appear on the simplified traffic informations was also September 3. Defendant entered a not guilty plea to all the charges on that date. He filed his request for a supporting deposition in court with respect to the simplified traffic informations seven days thereafter, on September 10, 1996.
The threshold question is whether defendant’s request for a supporting deposition was made in timely fashion. A timely request is one which is made “before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after the date the defendant is directed to appear in court as such date appears upon the simplified information and upon the appearance ticket issued pursuant thereto” (CPL 100.25 [2]). Defendant’s request for a supporting deposition, then, was timely, and he was entitled to receive one within 30 days of the receipt of his request in court (see, CPL 100.25 [2]). The complainant officer never furnished defendant with a supporting deposition in response to the timely request, and so the question becomes whether the simplified informations must be dismissed as a consequence.
*672 Failure of a complainant officer to provide a deposition to a defendant within the 30-day period renders a simplified information insufficient on its face (CPL 100.40 [2]). Despite appellate rulings that a motion to dismiss must be granted when a defendant is not supplied with a supporting deposition within 30 days of defendant’s request (see, People v Thumser, 148 Misc 2d 472 [App Term, 2d Dept]), the People take the position that dismissal is not required in the case at bar because, first, the simplified informations themselves already contain sworn statements from the complainant police officer which satisfy the requirements for a supporting deposition, so that service of an additional deposition is unnecessary (see, People v Key, 45 NY2d 111) and, second, that the period for serving a supporting deposition does not commence until the court has issued an order directing the service of one on a defendant.
However, the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts has rejected both these positions in People v Titus (178 Misc 2d 687). With respect to the assertion that the court should evaluate the written statement on the simplified information itself, the court wrote “[a]lso lacking in merit is the contention of the People herein to the effect that the court below should have concluded, based on the contents of the simplified traffic informations themselves, that there was no right or requirement of a supporting deposition” (at 690 [emphasis added]). Citing People v Hohmeyer (70 NY2d 41), the Appellate Term further held (at 690) that supporting depositions “ ‘supplement’ ” and are “ ‘[i]n addition’ ” to those allegations contained in an accusatory instrument.
With respect to the People’s position that a court order is a necessary prerequisite to the commencement of the 30-day period to serve a deposition, the Titus court stated (supra, at 688-689) :
“Nowhere in the statutory language [of CPL 100.25 (2)] is there authority for making the 30-day period run, as urged by the People, from the date on which the court orders a deposition to be served * * *
“The language of CPL 100.40 (2) * * * expressly repeats that the period provided by CPL 100.25 (2) is the time frame for service of the deposition, and such time frame is 30 days from the date of receipt of defendant’s request by the court, or five days before trial, whichever is earlier.”
The court also observes that the Titus opinion (supra, at 690) closes with the statement that “[t]o the extent that the case of People v Schuttinger (143 Misc 2d 1032) is in conflict *673 with the foregoing, it is overruled”. People v Schuttinger (143 Misc 2d 1032) was a decision on a motion in which the defendant challenged the sufficiency of simplified traffic informations because the complainant officer had not furnished a supporting deposition in response to a timely request. The Schuttinger court had rejected the challenge to the simplified informations, ruling both that a court order is necessary for the 30-day period to commence and, in the alternative, that if the verified allegations contained in the simplified informations meet the requirements for reasonable cause, the supporting deposition requirement is satisfied (see, People v Schuttinger, 143 Mise 2d 1032, 1034, 1035-1036).
The Appellate Term in People v Titus (supra), in expressly overruling Schuttinger (supra), apparently has rejected in toto the two positions advanced by the People. Furnishing a supporting deposition in response to a request that has been timely filed with the court is an absolute requirement, regardless of the contents of the simplified information itself, and regardless of whether the court has issued an order. If the deposition is not served, dismissal is mandated.'-
Because the complainant police officer did not provide a supporting deposition in response to defendant’s timely demand, the two simplified traffic informations are insufficient (CPL 100.40 [2]), andmustbe dismissed as defective (CPL 170.30 [1] [a]; 170.35 [1] [a]). Accordingly, defendant’s motion for dismissal of the two simplified traffic informations is granted. However, the dismissal does not afiect the continued prosecution of the driving while intoxicated charge contained in the misdemeanor information.