OPINION OF THE COURT
Thomas J. DiSalvo, J.
The defendant was charged with a violation of Vehicle and Traffic Law § 1110 (a), commonly known as failure to obey a traffic control device, which is a two-point violation. The issu *42 ing officer indicated that the defendant was speeding by going 75 miles an hour in a 55 mile an hour zone. The offense allegedly occurred on August 24, 2002 at 8:51 p.m. on Jackson Road in the Town of Webster. The ticket set an appearance date of September 10, 2002 at 8:00 a.m.
On September 10, 2002, the defense counsel faxed a letter to Webster Town Court, wherein he waived a formal reading of the accusatory instrument, entered a not guilty plea on behalf of his client, and requested a supporting deposition. Lastly, the faxed letter confirmed that the matter would be adjourned to October 16, 2002 at 1:00 p.m. On that date and time the defense attorney appeared and served the People with a written motion requesting that the charge be dismissed pursuant to CPL 170.30 (1) (f) on the grounds that the supporting deposition was not provided within 30 days, as required by CPL 100.25 (2).
This case raises the issue of whether or not the defendant properly requested a supporting deposition, by sending said request via a facsimile, more commonly known as a “fax” to the court’s office. CPL 100.25 (2) states in pertinent part:
“To be timely, such request must * * * be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after the date the defendant is directed to appear in court as such date appears upon the simplified information and upon the appearance ticket issued pursuant thereto. If the defendant’s request is mailed to the court, the request must be mailed within such thirty day period.”
The statute does not define what constitutes a request or how it is to be made. Nevertheless, it does not authorize that requests for supporting depositions be made to the court by a facsimile hereinafter referred to as a “fax.” To permit the service of a request for a supporting deposition by fax imposes too severe a burden on the court’s employees, who would have to scrutinize each piece of paper faxed to it. The court takes judicial notice of the fact that faxes are received at the court office at all hours of the day and night. Such communications do not, by their very nature, come in a separate envelope and can be easily lost or included with other unrelated communications, resulting in the request for said supporting deposition to go unnoticed.
*43 Documents and letters received by regular mail have a certain formality, which renders them less likely to be lost or misplaced and more likely to be acted on in a timely manner.
Therefore the motion of the defendant to dismiss the charge of failure to obey a traffic control device in violation of Vehicle and Traffic Law § 1110 (a) for failure to provide a timely supporting deposition is hereby dismissed.