OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion to dismiss the accusatory instrument as defective (see CPL 170.30 [1] [a]; 170.35 [1] [a]) on account of the arresting officer’s claimed failure to timely serve and file supporting depositions in accordance with CPL 100.25 (2) and (3) is denied.
Defendant stands accused, by two simplified traffic informations joined under one docket, of, on June 5, 2002, violating Vehicle and Traffic Law § 509 (1) (driving without a license) and § 511 (1) (a) (aggravated unlicensed operation in the third degree). The former is a traffic infraction. The latter is a misdemeanor.
As I noted by interim order dated May 29, 2003, defendant was directed by the simplified traffic informations to appear in this court on July 17, 2002. Defendant appeared and was arraigned on that date. The matter was adjourned to August 21, 2002, by which time defendant was to have appeared with counsel. On August 21, 2002,1 determined that defendant was eligible for assignment of counsel, and the Legal Aid Society was assigned as of that date. The case was adjourned to October 11, 2002 in the Legal Aid Part of this court. The file contains no written notice of appearance (but see 22 NYCRR 200.5), but there is no dispute that the Legal Aid Society is providing counsel for defendant. Nor is it disputed that, during the course of proceedings that took place on October 11, 2002 in the Legal Aid Part, the court permitted the service of a request, or “demand,” for supporting depositions (see CPL 100.25 [3]). There is also no dispute that defendant immediately served the demand, a demand which bears the handwritten date of “10/11/02,” but which does not bear either the endorsement of counsel or that of defendant personally *995 (but see CPLR 2101 [d]). There is likewise no dispute that the court immediately ordered that supporting depositions be provided. Indeed, the court file bears the notation “supp dep ordered” with the date of “10/11/02,” although that date appears to have been written over to read “10/15/02.” The same “supp dep ordered” notation is made, apparently by the clerk, on the demand itself, although with this notation the date is clearly set forth as “10/15/02.” A form “direction,” which it is the practice of this court to issue, is contained in the court file. It requires the arresting state trooper to “submit” supporting depositions. It further provides that “said deposition[s] [are] to be served, within 30 days of the date the request was received by the court upon the defendant or the defendant’s attorney. A copy of the supporting deposition, with proof of service shall be filed with the court.” The document bears the date “10/15/02” and specifically designates “10/15/02” as the “date [defendant’s] request rec.”
According to documents that are filed with the court and that are submitted on this motion, the arresting state trooper served supporting depositions on October 25, 2002, well within the 30 days by which he was required to have done so (see CPL 100.25 [2]). He served them by mail at the address listed as defendant’s on the simplified traffic informations. The arresting state trooper did not file the depositions, however, until November 13, 2002, 33 days after service of the demand on the court clerk, but only 29 days after the apparent effective date of the “order” directing that supporting depositions be supplied, the “order” that, in turn, misdesignates October 15, 2002 as the date the court received defendant’s demand.
By motion made on April 7, 2003 (see CPLR 2211), defendant seeks dismissal of the simplified traffic informations. When originally made, her motion was premised solely on the ground that the supporting depositions were not timely filed, an untimeliness that she asserted renders the simplified traffic in-formations jurisdictionally defective, thus mandating dismissal. Failing to appreciate the distinction between service and filing, the People by their initial opposition accepted as fact the unmade assertion that the supporting depositions were served three days late, but nonetheless opposed the motion on the ground that, because defendant did not make her motion within the time allotted by a blanket stipulation between the Legal Aid Society and the District Attorney concerning pretrial motions (cf CPL 255.20), she waived “the right to dismiss the accusatory instrument.”
*996 Because counsel failed to address the issues that this motion presents, by the above-noted interim order of May 27, 2003, I directed that each side submit a memorandum addressing, with appropriate reference to supporting authority, whether the time for supplying the supporting depositions began to run on October 11, 2002, when the court authorized the making of and defendant actually served the demand for the supporting depositions, or on October 15, 2002, the date not only of the court “order” directing the arresting state trooper to provide supporting depositions, but also the date which the court misdesignated as the date it had received defendant’s demand. I additionally directed that the parties address whether both service and filing of the supporting depositions must take place within the specified 30-day period, or whether service within that 30-day period alone is sufficient to support continued prosecution by simplified traffic information (see People v Nuccio, 78 NY2d 102 [1991]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990]; People v Green, 192 Misc 2d 296 [Nassau Dist Ct 2002]).
In her response to my interim order, defendant at last refers to both service and filing of the supporting depositions, but largely uses the two terms as if they described the same act. To the limited extent that she does address service of the supporting depositions as a discrete act, she now posits that, since counsel appeared in the action on the date she was granted leave to demand supporting depositions, service, not on counsel, but on her at the address designated in the simplified traffic informations, is “insufficient.”
The People, in their response, continue to use service and filing interchangeably. They assert, gratuitously, that failure to comply with an untimely made demand does not deprive this court of jurisdiction to proceed on the simplified traffic informations. Without reference to any pertinent supporting authority and, apparently, without reading CPL 100.25 in its entirety, they posit that any demand made more than 30 days after the defendant is first directed to appear is untimely even if, as here, the court is empowered to, and does, grant leave to serve the demand more than 30 days after the first required appearance date (see CPL 100.25 [2], [3]). Ignoring the service on defendant instead of her counsel is insufficient argument that defendant now raises, the People urge that, because defendant’s demand was made more than 30 days after she was first directed to appear, they need not comply, either with defendant’s demand, or with the order directing compliance, *997 and that, therefore, all other issues are moot. While they thus decline to address the issues specified in my interim order, they have wisely abandoned their assertion that defendant, by failing to earlier move to dismiss, waived her right to challenge this court’s jurisdiction to proceed on the simplified traffic in-formations (see People v Nuccio, supra; People v Aucello, supra; cf. People v Alejandro, 70 NY2d 133 [1987]).
As noted in the interim order, when a defendant is charged with traffic offenses by simplified traffic information, he or she, upon timely request, is entitled “as of right” to a supporting deposition, i.e., a verified statement containing factual allegations augmenting the statements of the accusatory instrument and which support or tend to support the charge {cf. CPL 100.20, 100.25). To be “timely,” the request must, “except as * * * provided * * * in subdivision three of [CPL 100.25],” be made not later than 30 days after the date the person is directed to appear “as such date appears” on the simplified traffic information (CPL 100.25 [2]). By virtue of subdivision (3), the court is empowered, in cases where at least one of the offenses charged is a misdemeanor, to permit the defendant to request supporting depositions beyond that 30 days, provided that the “motion” for leave to make the request is made no later than 90 days after the date defendant is directed to appear in court “as such date appears” on the simplified traffic information (CPL 100.25 [3]). Upon a timely request for supporting depositions, the court “must” order the complainant police officer or other appropriate public servant to serve those supporting depositions within 30 days, and to file them with the court (CPL 100.25 [2]). Failure to comply with the order directing the service and filing of supporting depositions renders the simplified traffic informations for which they were demanded facially insufficient (CPL 100.40 [2]; see People v Nuccio, supra; People v Titus, 178 Misc 2d 687 [App Term, 2d Dept 1998]). This failure divests this court of jurisdiction to proceed on the simplified traffic informations, a divestiture that cannot be “cured” by untimely service of the supporting depositions (People v Aucello, supra; People v Rossi, 154 Misc 2d 616 [Just Ct, Vil of Muttontown 1992, Kaminsky, J.]), although the People are at liberty to commence a new prosecution by long form information (People v Nuccio, supra; see also People v Green, supra).
Turning first to the only argument the People now make — that defendant’s demand was untimely and that, therefore, there need be no compliance with either the demand *998 or the court directive mandating compliance — the argument is without merit. As noted above, insofar as is here pertinent, CPL 100.25 (2) defines a “timely” demand as one that is made “not later” than 30 days after the date the defendant is first required to appear “except” as provided in subdivision (3), which subdivision, also as noted above, empowers the court to authorize service of a demand after the 30-day request period has expired if one of the offenses charged is a misdemeanor and if the defendant “moves” for leave to serve the demand within 90 days of the date he or she is first required to appear. Since defendant here sought and was granted leave to serve the demand within 90 days of her first required court appearance, and since one of the offenses with which she is charged is a misdemeanor, her demand for supporting depositions is “timely” (CPL 100.25 [2], [3]).
Turning next to defendant’s new argument — that service on her rather than on her counsel is insufficient — I conclude that defendant is estopped from advancing this claim. It is true, as defendant tacitly asserts, that CPL 100.25 (2) describes a defendant’s right to a supporting deposition as that of having it filed with the court and served “upon him, or if he is represented by an attorney, upon his attorney.” Moreover, it has been held that timely service of supporting depositions directly on a represented defendant does not save a prosecution premised on simplified traffic informations where the supporting depositions were not timely delivered to counsel (see People v Rossi, supra). In this case, however, no written notice of appearance is contained in the file (see 22 NYCRR 200.5). More importantly, since neither defendant nor her counsel bothered to endorse the demand for supporting depositions with counsel’s name, address and telephone number (see CPLR 2101 [d]), defendant cannot now be heard to complain that the arresting state trooper served the supporting depositions at the only address available to him (see People v Suarez, 167 Misc 2d 189 [Just Ct, Vil of Valley Stream 1996, Bogle, J.]). Service in this case of the supporting depositions on defendant at the address designated in the simplified traffic informations is thus valid, and, as noted above, was effectuated well within the 30-day period prescribed by CPL 100.25 (2). The question thus becomes whether there are jurisdictional consequences to the timing of the filing of those supporting depositions, a filing that, as noted above, the arresting state trooper effectuated 29 days after the court directed that he submit the supporting depositions, and 29 days after the incorrectly designated “court *999 received” date, but 33 days after defendant actually served, and the court actually received, the demand.
The plain language of CPL 100.25 (2) and 100.40 (2) (see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 94), as well as controlling appellate authority (see Statutes § 72), establish that the designated 30-day period for supplying supporting deposition runs, not from the date of the order directing compliance with a defendant’s demand, but from the date the demand is received by the court (see CPL 100.25 [2]; cf. CPL 100.40 [2]; and see People v Titus, supra). In this case, it is obvious that the court misinformed the arresting state trooper of the date it had received defendant’s demand, just as it is obvious that neither he nor defendant is responsible for that misinformation. What is at issue, however, is not the arresting state trooper’s good faith, but observance of the defendant’s absolute right, upon timely demand, to have the supporting depositions timely provided (cf. People v Nuccio, supra; People v Aucello, supra; People v Green, supra). I thus conclude that the 30-day period specified in CPL 100.25 began to run on October 11, 2002, notwithstanding the court’s misdesignation of October 15, 2002 as the date it received defendant’s demand (cf id.). That does not, however, end the inquiry.
CPL 100.25 (2) requires that, upon a timely request, the court order the complainant police officer “to serve a copy of such supporting deposition * * * within [the specified] thirty days * * * and to file such supporting deposition with the court together with proof of service.” (Emphasis added.) The plain words of the statute indicate the Legislature’s recognition that service and filing are two distinct acts (see Statutes §§ 92, 94). Moreover, under accepted rules of construction governing ascertainment of antecedents, it is obvious that the Legislature intended that the 30-day time limit apply only to the part of the statute which it succeeds, i.e., only to service of the supporting depositions (see Statutes § 254; see also Budd v Valentine, 283 NY 508 [1940]; Russin Beer v Phoenix Beverages, 200 AD2d 659 [2d Dept 1994]).
As noted, it is defendant’s entitlement to have the supporting depositions timely provided to her that is dispositive (cf. CPL 100.25 [2]; People v Aucello, supra; see also People v Rossi, supra). In conformity with that purpose, and in accordance with the applicable rules of statutory construction, I conclude that, so long as the act of filing occurs within a reasonable time, service of supporting depositions within the 30-day period specified in CPL 100.25 (2) is sufficient to sustain *1000 continued prosecution by simplified traffic information. Since service was timely effectuated here, and since filing was effectuated within a reasonable time, defendant’s motion must be denied.