*227 OPINION OF THE COURT
Martin I. Kaminsky, J.
This case asks what mode of communication must be used to make an effective request for a supporting deposition pursuant to Criminal Procedure Law § 100.25 (2). The People contend that a request which was faxed to the court was insufficient to start the 30-day time period within which a deposition must be provided and that an effective request was made only later when the court received a mailed copy of the request. For the reasons stated below, the court disagrees.
Defendant Luke Zappula is charged with speeding in violation of section 1180 (b) of the Vehicle and Traffic Law while traveling northbound on Route 106 near Frances Drive in the Village of Muttontown, New York on May 5, 2013. Defendant requested and was served with a supporting deposition. He now moves to dismiss the case, contending that the supporting deposition was served on him too late to comply with CPL 100.25 (2), i.e., that service was untimely.
A defendant in a traffic case is entitled, as a matter of right, to receive a supporting deposition if one has been properly requested; and the People are obligated to provide such a supporting deposition within 30 days of the court’s receipt of a duly-made request for one. (CPL 100.25; People v Mazzeo, 10 Misc 3d 1053[A], 2005 NY Slip Op 51945[U] [2005].) If the People fail to comply with this requirement, the charge must be dismissed. (People v Perry, 87 NY2d 353, 354-355 [1996]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]; People v Rossi, 154 Misc 2d 616, 620-624 [1992].) This is because such a failure renders the simplified information (i.e., traffic ticket) which started the proceeding “facially insufficient” and divests the court of jurisdiction to proceed in the matter. (People v Nuccio, 78 NY2d 102 [1991]; Mazzeo, 10 Misc 3d 1053[A], 2005 NY Slip Op 51945[U]; People v Brady, 196 Misc 2d 993, 997 [2003].)
CPL 100.25 (2), which specifies the requirements regarding supporting depositions, does not say how the request must be transmitted to the court or what constitutes “receipt” of a request by the court. Rather it states only:
“Upon such a request, the court must order the complainant police officer ... to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such *228 request is received by the court . . . and to file such supporting deposition with the court together with proof of service thereof.” (Emphasis added.)
The statute contemplates that the request may be made by mail, providing elsewhere in CPL 100.25 (2) that “[i]f the defendant’s request is mailed to the court, the request must be mailed” within a specified time. (See also Vehicle and Traffic Law § 1806 [allowing a plea to be mailed to the court].) But, neither CPL 100.25 (2) nor Vehicle and Traffic Law § 1806 refers to possible fax, email or other such wire or electronic transmittal to the court.
Here, defendant entered a not guilty plea and, by letter from his counsel on the same day, requested a supporting deposition. The letter was faxed to the court on May 27, 2013 at 3:28 p.m. and also mailed to the court. The court was closed at the time of the fax, but admittedly saw the fax on May 28, 2013 when it reopened. The mailed letter with the request was received on May 30, 2013. A supporting deposition was provided to defendant on June 28, 2013, i.e., 31 days after the fax was read by the clerk (32 days after the fax was transmitted) and 29 days after the mailed letter was received. Thus, if faxing a request is sufficient, the People failed to provide the supporting deposition within the time required by the statute. But, if a fax request is insufficient, the statutory requirement has been satisfied since the supporting deposition was served within 30 days of the court’s receipt of the mailed request.
The People argue that fax transmission of legal papers is not readily accepted, citing to section 2103 of the Civil Practice Law and Rules which allows fax service only where one has authorized fax service by including “a facsimile telephone number in the address block subscribed on a paper served or filed in the course of an action or proceeding.” (CPLR 2103 [b] [5].) That has not occurred here. Defendant responds that the CPLR applies to civil proceedings whereas this is a proceeding under the CPL and that, in any event, the CPLR’s allowance of fax service represents general approval of such service by the legislature. But, CPLR 2103 is not clear enough on its face to provide a definitive conclusion as to an intention of the legislature. On the one hand, inclusion of such a provision indicates recognition by the legislature of the value and, at least in some instances, the appropriateness of fax transmittals. On the other hand, the fact that CPLR 2103 provides limits as to when fax service will be allowed may indicate that the legislature did not approve of fax *229 service as a general matter. The court declines, on this record, to seek to determine which inference of legislative intent, if either, is correct, and does not believe that is necessary. This proceeding is brought and will be conducted under the Criminal Procedure Law.
One case, People v Smith (195 Misc 2d 41, 42 [2002]), held, over a decade ago, that a faxed request does not start the 30-day period for providing a supporting deposition because allowing such a mode of request “imposes too severe a burden on the court’s employees, who would have to scrutinize each piece of paper faxed to it” and, in contrast to daytime mail deliveries, faxes “are received at the court office at all hours of the day and night.” With due respect, the court finds that case and its reasoning out of date, unpersuasive, and contrary to the policy of the statute.
The statute simply requires receipt of a request, i.e., “within thirty days of the date such request is received by the court,” without saying how receipt must be attained. The general purpose of requiring that a request be received before an obligation arises is to assure that the putative obligor knows of the request and therefore should attend to the obligation it triggers. Here, the “court” admittedly “received” the fax request no later than May 28th (when the clerk checked the court fax machine upon opening the court office) and thus saw the request then. Strictly applying the words of the statute, therefore, the court was aware of the obligation to provide a supporting deposition on May 28th, two days before the court received the mailed copy of the previously-faxed request.[1]
A veritable revolution in communication has occurred during the past decade. Faxing of communications and even formal notices has become commonplace, and is consistent with modern modes of communication. Email and fax communication have become standard. Indeed, they are so commonplace that persons and entities (including some courts) now often insist on such a mode of communication for its speed and reliability, and since confirmation of receipt is available in one’s email and fax *230 machine. In recent decisions, the United States Supreme Court has taken such societal changes into account in passing on statutory and other rights. (United States v Windsor, 570 US —, 133 S Ct 2675 [2013]; Shelby County v Holder, 570 US —, 133 S Ct 2612 [2013].) The same approach appears appropriate here, particularly in light of the potential importance of a supporting deposition to the defendant in a traffic case since other forms of discovery are not available in such cases. (Scherbner, 21 Misc 3d 251; People v Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [2005]; see also People v Rose, 8 Misc 3d 184 [2005].)
Acceptance of faxing CPL 100.25 requests is reflected in recent case law. Thus, without questioning the sufficiency of a fax request, recent cases involving failures to serve timely supporting depositions have passed on the merits of that issue even though the requests had been made by fax or fax followed by mailing. (People v Morales, 14 Misc 3d 1212[A], 2006 NY Slip Op 52509[U] [2006]; Mazzeo, 10 Misc 3d 1053[A], 2005 NY Slip Op 51945[U].)
In today’s world, allowing and accepting fax requests does not appear to impose an undue burden on the court or its employees. Presumably, one who makes a fax telephone number available to the general public intends to receive communications by fax; indeed, such a person has invited that to occur. If one wishes not to receive or to have to check for a fax at any particular time (e.g., at night), he/she can either turn off the fax machine during that period (preventing receipt) or specify that faxes during that period will not be accepted and will be deemed received only during other specified times.[2]
No evidence has been presented to support the suggestion in Smith that one is more careful about checking mail than receipts on one’s fax machine. Regardless of that suggestion, however, it is not unreasonable to expect and require the clerk of a court with a fax machine to look in both places to see what has been sent; and recent case supports that conclusion. For example, in Mazzeo (10 Misc 3d 1053[A], 2005 NY Slip Op *231 51945[U]), the court dismissed the case when the court clerk had failed to see a request for a supporting deposition which had been stapled to another court paper sent to the court in a blank envelope without a covering letter. In accordance with the statutory language, the court so ruled based on the court’s receipt of the request, rather than whether it had been seen by the clerk, even though the defendant “did nothing to highlight to the clerk” that such a request was being or had been made.
Smith also appears to be contrary to the salutary policy of the statute, as more recently recognized, at least implicitly, by the Court of Appeals in People v Tyler (1 NY3d 493 [2004]). There, the court resolved an apparent lack of clarity in CPL 100.25 (regarding the time period within which one can make a request) by upholding the validity of a request which had been made even before the scheduled arraignment date, ruling that a supporting deposition must be served within 30 days of the earliest time that a request has been received by the court.
For these reasons, the court concludes that a request for a supporting deposition made by fax to the court is sufficient under CPL 100.25 and starts the 30-day period within which such a supporting deposition must be provided. As a result, the supporting deposition here was provided untimely and failed to comply with the requirements specified in CPL 100.25 (2).[3]
Accordingly, the motion is granted, but without prejudice to renewal of the case. (Nuccio, 78 NY2d 102 [dismissal for failure to serve a timely supporting deposition does not preclude refiling of the case]; accord People v Green, 192 Misc 2d 296 [2002]; Rossi, 154 Misc 2d at 624.)

. The People have not objected to the form of request here, i.e., by letter from defendant’s attorney. In an earlier decision, People v Perry (87 NY2d 353 [1996]), the Court of Appeals strictly construed CPL 100.25 to invalidate a request by attorney’s letter. But, an amendment of the statute after Perry appears to have effectively overruled that decision. (Morris et al., Village, Town and District Courts in New York § 3:45 at 3-28 [2012]; see e.g. People v Brady, 196 Misc 2d 993 [2003]; People v Scherbner, 21 Misc 3d 251 [2008]; see also People v Mensch, 6 Misc 3d 1012[A], 2002 NY Slip Op 50729[U] [2002].)

. One case has ruled that a request for a supporting deposition faxed on a weekend when the court was closed was not “received” until the Monday immediately thereafter, when the court had reopened. (Morales, 14 Misc 3d 1212[A], 2006 NY Slip Op 52509[U].) Here, it is undisputed that the faxed request was received and read by the clerk no later than May 28th, 31 days before a supporting deposition was served. Hence, it is not necessary to rule in this case whether the time of “receipt” of a faxed request will be or always be when the court is open for business and the clerk actually obtains mail and fax transmittals that were delivered while court was closed.

. In so ruling, the court expresses no criticism of the clerk, the People or the police officer. Rather, the court recognizes that they acted in good faith and had attempted to comply with the law.